# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Stoneledge at Lake Keowee Owners' Association, Inc.;
C. Dan Carson; Jeffrey J. Dauler; Joan W. Davenport;
Michael Furnari; Donna Furnari; Jessy B. Grasso; Nancy
E. Grasso; Robert P. Hayes; Lucy H. Hayes; Ty Hix;
Jennifer D. Hix; Paul W. Hund, III; Ruth E. Isaac;
Michael D. Plourde; Mary Lou Plourde; Carol C. Pope;
Steven B. Taylor; Bette J. Taylor; and Robert White,
Individually and on Behalf of all others similarly
situated, Petitioners-Respondents,

v.

IMK Development Co., LLC; Larry D. Lollis; William
Cox; Integrys Keowee Development, LLC; Marick Home
Builders, LLC; Bostic Brothers Construction, Inc.; and
Rick Thoennes, Defendants,

Of Which Bostic Brothers Construction, Inc. is the
Respondent-Petitioner.

Appellate Case No. 2019-000041

———————

## ON WRIT OF CERTIORARI TO THE COURT OF APPEALS

———————

Appeal from Oconee County
Alexander S. Macaulay, Circuit Court Judge

———————

Opinion No. 28070
Heard October 14, 2020 – Filed December 8, 2021

**AFFIRMED IN PART; REVERSED IN PART; AND
REMANDED**

Robert T. Lyles Jr. and Lee Anne Walters, both of Lyles & Associates, LLC, of Charleston, for Petitioners-Respondents.

Alan R. Belcher Jr. and Elizabeth F. Wieters, both of Hall Booth Smith, P.C., of Mt. Pleasant, and Paul Trainor, of Hall Booth Smith, P.C., of Atlanta, GA, for Respondent-Petitioner.

**JUSTICE JAMES:** This appeal arises from a construction defect lawsuit involving waterfront townhomes on Lake Keowee in Oconee County. After a two-week trial, Petitioners-Respondents Stoneledge at Lake Keowee Owners' Association, Inc. (the HOA) received plaintiff's verdicts against several defendants, including Respondent-Petitioner Bostic Brothers Construction, Inc. (Bostic). Bostic and other defendants appealed, and in a pair of published opinions, the court of appeals affirmed in part and reversed in part. *Stoneledge at Lake Keowee Owners' Ass'n, Inc. v. IMK Dev. Co., LLC*, 425 S.C. 276, 821 S.E.2d 509 (Ct. App. 2018) (hereinafter *Stoneledge I*); *Stoneledge at Lake Keowee Owners' Ass'n, Inc. v. IMK Dev. Co., LLC*, 425 S.C. 268, 821 S.E.2d 504 (Ct. App. 2018) (hereinafter *Stoneledge II*).

We granted several writs of certiorari to review the court of appeals' decisions. In this opinion, we review the court of appeals' opinion in *Stoneledge II*, which addressed Bostic's argument that the trial court erred in denying Bostic's motion for a directed verdict based on the statute of limitations. We respectfully disagree with Bostic and affirm the court of appeals on this issue. We are aware of the public policy informing the General Assembly's enactment of the three-year limitations period in section 15-3-530 of the South Carolina Code (2005); however, we are equally mindful of the public policy informing the General Assembly's enactment of the "discovery rule" set forth in section 15-3-535. Application of both the basic three-year limitations period and the discovery rule in any given case can present

factual issues for a jury to resolve.[1]  As was the court of appeals, we are constrained by our standard of review and conclude that under the facts of this case, there was a jury issue as to whether the statute of limitations had expired by the time the action was commenced against Bostic.

In its petitions stemming from *Stoneledge I* and *Stoneledge II*, the HOA challenges the court of appeals' reversal of the trial court's decision to raise the three verdicts in favor of the HOA to $5,000,000 each.  In their petitions stemming from *Stoneledge II*, the HOA and Bostic challenge the court of appeals' holding regarding setoff of prior settlements.  Their setoff issues are inextricably intertwined with the setoff issues we addressed in our companion opinion reviewing *Stoneledge I*. *Stoneledge at Lake Keowee Owners' Ass'n, Inc. v. IMK Dev. Co., LLC*, Op. No. 28071 (S.C. Sup. Ct. filed December 8, 2021) (Howard Adv. Sh. No. 43 at 15).  We incorporate herein all factual recitations, analyses, and holdings in that opinion.

Taking our holdings in our companion opinion into account, we (1) affirm the court of appeals as to the statute of limitations; (2) affirm the court of appeals' reversal of the trial court's decision to increase each verdict to $5,000,000; (3) affirm the court of appeals' holding that setoff was correctly applied to the breach of warranty award; (4) reverse the court of appeals' calculation of the final judgment amounts; and (5) remand for entry of judgment against Bostic on the negligence award in the amount of $858,066.17 and on the breach of warranty award in the amount of $85,806.62.  These figures do not take into account any settlements received by the HOA during the pendency of this appeal.[2]

---

[1] If the issue had been submitted to the jury, the jury could have found the limitations period applicable to Bostic had expired or the jury could have found it had not expired; however, Bostic did not argue the statute of limitations issue to the jury, nor did Bostic ask the trial court to instruct the jury on the issue.  This is of no significance in this appeal because Bostic argues it was entitled to a directed verdict as a matter of law.

[2] Because our holding is dispositive of the statute of limitations issue, we decline to address the HOA's alternative arguments regarding equitable tolling.  *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (holding an appellate court need not address remaining issues when the disposition of a prior issue is dispositive).

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**

**BEATTY, C.J., KITTREDGE, HEARN and FEW, JJ., concur.**